**PETTY MOTOR LEASE, INC., Plaintiff and Respondent,**

v.

**Clarence L. JOLLEY, Defendant and Appellant.**

**No. 15524.**

Supreme Court of Utah.

Oct. 3, 1978.

Lorin N. Pace, Randall L. Bunnell, Salt Lake City, for defendant and appellant.

Wayne G. Petty of Moyle & Draper, Salt Lake City, for plaintiff and respondent.

2. U.C.A., 1953, Section 35–1–85.

ELLETT, Chief Justice:

On June 21, 1971, the plaintiff, by three separate written documents, leased three automobiles to the defendant at a stated monthly rental. Three days later the parties agreed in writing that the plaintiff would sell to the defendant the three automobiles at the end of one year for the sum of $10,000. Pursuant to the contract of sale, the defendant assigned to the plaintiff some shares of stock that he promised to make free trading by the end of the year at which time the plaintiff would be able to sell the stock. When the stock was sold, the proceeds were to be applied to the rentals due under the leases and the balance, if any, would be applied to the purchase price. In the event that the amount obtained from the sale of the stock was less than the amount due on the rentals and purchase price, the defendant had an option to pay the balance and get title to the cars, or to return the cars to the plaintiff. In case the stock sold for more than the amount due the surplus was to belong to the plaintiff.

The stock was not made free trading and this action was commenced to collect the rents due and to obtain possession of the cars plus attorney fees and costs.

■ The defendant claimed that the plaintiff waived the requirement of making the stock free trading by undertaking to do so itself. The evidence shows merely that the plaintiff undertook to make the stock saleable only after the defendant was unable to do so.

On March 25, 1971, the defendant signed an investment certificate whereby he agreed not to sell any of the stock in question unless it was registered under the Securities Act of 1933 or unless the Company Counsel gave an opinion that registration under the Act was not required.

The court found that the defendant neither registered the stock nor obtained an opinion from Company Counsel that registration was not required. It gave judgment to the plaintiff for the amount due and dismissed the counterclaim of the defendant wherein he sought judgment for title to the cars and possession thereof and for an accounting for all sums which plaintiff could have obtained had it diligently pursued the transfer and sale of the stock.

On appeal the defendant complains because the court permitted plaintiff's lawyer to testify while it did not permit his lawyer to testify regarding the possibility of making the stock saleable. The opinion of counsel seems to be immaterial to the case, but there was a reason for the ruling of the court on the matter: No objection was interposed to the testimony of plaintiff's counsel, but there was an objection made to the testimony of defendant's counsel.

■ The plaintiff claims the court erred in denying its attorney's fees. The lease provided for an attorney's fee, but the contract of sale did not so provide; and since the lease agreement was replaced by the contract to sell, the lease had no more force or effect and the court properly refused to award the fee.

The evidence and law supports the judgment of the court and it is affirmed as made. Costs are awarded to the plaintiff.

CROCKETT, MAUGHAN, WILKINS and HALL, JJ., concur.